IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02549-GPG

EDWIN MARK ACKERMAN,

    Applicant,

v.

WARDEN ZUPON,

    Applicant.

___

ORDER OF DISMISSAL AND
TO SHOW CAUSE

___

Applicant Edwin Mark Ackerman has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No.1.   Applicant also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.   The Court granted Applicant's § 1915 motion on February 2, 2016.

The Court must construe the Application liberally because Applicant is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court cannot act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the Application will be denied and the action dismissed.   Applicant will be ordered to show cause why he should not be subject to filing restrictions.

> In the Nature of the Case section of the Application, Applicant asserts that he was
>
> convicted by a General Court Martial on July 7, 1995 and sentenced to a term of [t]wenty seven (27) years.  Two (2) months later the State of Colorado convicted the Applicant to a term of [t]hirty-five (35) years to run consecutive to the Military's sentence, but the State of Colorado placed the Applicant in their custody whereby he is still being held.  By a request of the State of Colorado the Military had placed a detainer upon the Applicant because he was to answer for the State charges against him.  The Military has had primary jurisdiction since July 7, 1995, but they have since by refusing to acquire said jurisdiction have lost that jurisdiction by allowing the State of Colorado to take and retain jurisdiction since the release of the Applicant into their custody for their Court proceeding.

ECF No. 1 at 2.

In Claim One, Applicant asserts that pursuant to *People v. Beecroft*, 874 P.2d 1041, 1044 (Colo. App. May 16, 1994) (rehearing denied June 6, 1991), his detainer should be rescinded, because "[a] person who is confined for an offense prior to imposition of sentence for said offense is entitled to credit against the term of his sentence for the entire period of such confinement.  At the time of sentencing the court shall make a finding of the amount of presentence confinement to which the offender is entitled. . . ." ECF No. 1 at 4.  Also, in support of this claim, Applicant sets forth the provisions of § 4105 and § 3185, apparently from the United States Code, which state the provisions for calculating presentence confinement.  *Id.*

In Claims Two and Three, Applicant asserts that the State of Colorado has been using the detainer to keep Applicant from progressing to a lower custody level and from being eligible for parole.  *Id.* at 5.  Finally, in Claim Four, Applicant contends that he is entitled to good time credits pursuant to the Uniform Code of Military Justice, which if calculated at ten days per month would equate to time served and his military sentence would be discharged.  *Id.* at 6.

In the dismissal order in *Ackerman v. Zupan, et al.*, No. 14-cv-03168-LTB (D. Colo. Feb. 2, 2015), this Court found as follows.

> In the Order to Show Cause, Magistrate Judge Gallagher noted the background of Applicant's criminal and civil proceedings as they may relate to the detainer issue. Magistrate Judge Gallagher stated as follows:
>
>> In 1995, Applicant pled guilty in court-martial proceedings to rape and larceny in violation of Articles 120 and 121 of the Uniform Code of Military Justice, see 10 U.S.C.§§ 920, 921, and was sentenced, in part, to life imprisonment. *See Ackerman v. Davis*, et al. No. 13-cv-03487-RM, ECF No. 17-2 (D. Colo. July 7, 2014). On September 19, 1995, the Department of the Army entered a General Court-Martial Order, which provided that the court-martial sentence of confinement beyond twenty-seven years was suspended. *Id.* The General Court-Martial Order further provided that the sentence of confinement is "postponed" and will not begin until Applicant "has been permanently released to the armed forces." *Id.* The confinement was postponed so that Applicant could be prosecuted by the State of Colorado in separate criminal proceedings. *Id.*, ECF No. 17-3 at 2. On September 29, 1995, Applicant pled guilty to second-degree kidnapping and was sentenced in Case No. 94cr3662 in El Paso County, Colorado, to thirty-five years' imprisonment in the DOC. *Id.*, ECF No. 1 at 2; ECF No. 17-1. Applicant has a mandatory release date of April 21, 2026, in his State of Colorado conviction. *Id.*, ECF No. 17-1.
>>
>> On October 26, 1995, the Army lodged a detainer with the DOC, requesting notification by the DOC to either the Fort Carson Regional Corrections Facility, the U.S. Army Personnel Control Facility, or the U.S. Disciplinary Barracks before releasing Applicant from civilian confinement so that he could be returned to military jurisdiction. *Id.*, ECF No. 17-3 at 2.
>>
>> Applicant filed a § 2241 application in this Court, see *Ackerman*, No. 13-cv-03487-RM (noted above), and raised three claims that challenge the Army's detainer. The court in Case No. 13-cv-03487-RM found both the detainer and deprivation of parole due to the detainer lawful and the

sentencing arrangement between the Army and the State of Colorado a matter of comity, which does not violate constitutional law. *Ackerman*, No. 13-cv-03487-RM, ECF No. 20 at 4-5 and 7-8. The § 2241 application was dismissed on the merits with prejudice. *Id.* at 7.

In this action, Applicant raises four claims regarding the Army's detainer. First, Applicant contends that, even though the State sentence is consecutive, because he is held in the State's custody the military sentence is concurrent to the State sentence and the detainer should be rescinded. Second, Applicant asserts he should be released with a certificate of discharge because he has served his military sentence. Third, Applicant contends that, under "858. Art. 58 Execution of Sentence," because he can be confined in any prison to serve his military sentence, the time he is incarcerated in the State prison should be counted toward his military sentence. Finally, Applicant contends his military sentence cannot be consecutive to his State sentence because he was not convicted in State court until after his military conviction.

Civil Action No. 14-cv-03168, ECF No. 5 at 1-3.

In the Response, Applicant asserts that this "motion" is a "continuation," apparently of his first § 2241 action, challenging the 1995 detainer, but the claims he asserts in this action are more in depth but not new. *Id.* ECF No. 6 at 2. Applicant further asserts that his first two claims are the same as the claims he raised in Civil Action 13-cv-03487-RM, but he is asking for "reconsideration" by the Court of these claims. *Id.* Applicant also contends that by definition it is impossible for his military sentence to be consecutive to his state conviction because he was convicted in his military sentence prior to his state conviction. *Id.* at 2. Applicant concludes that his constitutional rights have been violated and he has suffered a miscarriage of justice because the State of Colorado continues to acknowledge the military detainer even though his military sentence should have been served prior to the state sentence. Applicant asks that the detainer either be "enacted" or rescinded. *Id.* at 2.

Upon review of all four claims and the Response, the Court finds Applicant's only complaint is the sequence in which he is serving his state and military sentences and the affect [sic] his detainer has on the execution of his state sentence. Furthermore, Applicant essentially has restated the

4

same arguments in this case that he raised in Case No. 13-cv-03487-RM in his reply, ECF No. 18. These, claims were found to be meritless in Case No. 13-cv-03487-RM. Relying on *Muhammed v. United States*, 953 F.2d 1391 (10th Cir. 1992), and *Hernandez United States Att'y Gen.*, 689 F.2d 915, 917 (10th Cir. 1982), the Court found in Case No. 13-cv-03487-RM that the federal government and the State, are free to determine which sentence is to be served first as long as the sentences are not served in a piecemeal fashion, and a person violating both federal and state statutes is not able to challenge the sequence of his punishments. Applicant, therefore, has not asserted new claims and this action is properly dismissed as successive. 28 U.S.C. § 2244(b); *Shirley v. Davis*, 521 F. App'x 647, 649 (10th Cir. 2013) (finding a state habeas petitioner is not required to obtain authorization from the Tenth Circuit for review of a successive claim that was presented in a prior § 2241) (citing *Stanko v. Davis*, 617 F.3d 1262, 1269 n. 5 (10th Cir. 2010).

Even if the Court were to find Applicant's claims are new he has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice as to why he was not able to raise the claims in Case No. 13-cv-03487-RM. *Id.* Applicant's only claims of a fundamental miscarriage of justice is that he is being forced to serve his state sentence before his military sentence, and he has been subject to a detainer that was entered by the Army in 1995.

Because it has been determined that Applicant does not have a right to have his sentences served in any certain sequence he is not subjected to a fundamental miscarriage of justice in having to serve his state sentence first. Furthermore, as addressed in Case No. 13-cv-03487-RM, the presence of a detainer alone does not impinge on Applicant's constitutional rights because he does not have a right to be under a certain sovereign's custody, *Wall v. Hudspeth*, 108 F.2d 865, 866 ( 10th Cir. 1940); *Mingo v. United States*, 350 F.2d 213 (10th Cir. 1965), or to be placed on parole, *Carson v. Exec. Director, Dep't of Parole*, 292 F.2d 468, 469 (10th Cir. 1961).

The Court notes that since this is Applicant's second § 2241 habeas action challenging the same detainer and consecutive military and state sentences, and the claims he raises in this Application are repetitive of the ones he raised in Case No. 13-cv-03487-RM, which were found to be meritless, any future actions filed by Applicant setting forth filings on the same meritless issues may result in an order requiring him to show cause why this Court should not summarily dismiss such an action and impose sanctions. *See Andrews v. Heaton*, 483 F.3d 1070, 1077-78 (10th Cir. 2007). The Court also may limit Applicant's ability to proceed *in forma*

>  *pauperis* in the future, regardless of his financial ability to pay such costs
> and fees, based on his history of filing frivolous petitions.   See *In re
> McDonald,* 489 U.S. 180, 183-85 (1989) (limiting petitioner from proceeding
> *in forma pauperis* in future petitions for extraordinary writs based on
> petitioner's abuse of judicial resources).   The Court is not prohibited from
> summary dispositions and limitations on frivolous or abusive filings against
> a *pro se* litigant.   See *Haworth v. Royal,* 347 F.3d 1189, 1192 (10th Cir.
> 2003) (citing *Stafford v. United States*, 208 F.3d 1177, 1178-79 (10th Cir.
> 2000)).
>
>         The Court also notes that this is not the first time that Applicant has
> been warned about possible sanctions for filing frivolous and abusive
> filings.   See *Ackerman v. Milyard, et al.*, No. 10-cv-01708-ZLW, ECF No.
> 15 (D. Colo. Aug. 25, 2010)

No. 14-cv-03168-LTB, ECF No. 7 at 2-5.

Based on the claims raised in Case No. 14-cv-03168-LTB, which were dismissed with prejudice and as an abuse of the writ, and the findings below, this Court finds Applicant's claims in this case are successive of the claims he has asserted previously, most recently in Case No. 14-cv-03168-LTB, and subject to dismissal.

First, in this case, Applicant's reliance on §§ 4105 and 3185, for support that his detainer should be rescinded, is without legal basis.   None of the issues Applicant raises pertain to the provision of presentence credit in the current sentence he is serving in the State of Colorado.   Like in Case No. 14-cv-03168, this Court finds that Applicant's complaint is about the sequence he is serving his state and military sentences and the effect his military detainer has on the execution of his state sentence.   Applicant was told in Case No. 13-cv-03487-RM that he does not have a right to have his sentences served in any certain sequence and that he is not subjected to a fundamental miscarriage of justice in having to serve his state sentence first.   Applicant's sequence of sentences claim is successive and meritless.

Applicant's ineligibility for parole claim also is successive and meritless. He raised this claim in Case No. 13-cv-03487-RM, and the claim was dismissed because ineligibility for parole does not impinge upon any constitutional right.

The Court further finds that even if Applicant's presentence and good time credit claims are new and pertain to Applicant's future military sentence, they are not reviewable by the Court at this time. Applicant is not serving his military sentence. This Court will not consider at this time the Department of the Army regulations or Department of Defense directives that govern the award of good time credits. In other words, Applicant's good time credit claim affects the execution of his future military sentence. To the extent that this claim is viable in a § 2241 action, it is not properly presented to the Court at this time.

Applicant was warned in Case No. 14-cv-03168-LTB that any future actions filed by Applicant, which state meritless or repetitive claims, may result in filing restrictions.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989)).

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party.  *See* Fed. R. Civ. P. 11(c).  Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management.  *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure (1988), reprinted in, 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 212, 235-36 (Supp. 1989)).  Deterrence is the primary goal of a sanction.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).  In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable.  *White*, 908 F.2d at 683 (10th Cir. 1990).  A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process.  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981).  These restrictions may be directed to provide limitations or conditions on the filing of future suits.  *Id.*  Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's

order before it is implemented.   *Tripati*, 878 F.2d at 353-54.   Plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions.   *Id.* at 354.

While this Court has an obligation to give *pro se* litigants wide latitude, *see Haines*, 404 U.S. 519, the Court cannot accept the filing of meritless and repetitive lawsuits. Given that Applicant now has filed at least three lawsuits in this Court challenging the same detainer and consecutive military and state sentences, the Court will direct Applicant to show cause why he should not be enjoined from filing future *pro se* actions in this Court that pertain to the sequence he is serving his state and military sentences, the Department of the Army detainer, and any related meritless claims.

This Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled.   Fed. R. Civ. P. 11.   Although the Court has not imposed such sanctions here, the Court reserves the right to do so if Applicant continues to submit actions that pertain to the sequence he is serving his state and military sentences, the Department of the Army detainer, and any related meritless claims.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DENIED, and this case is DISMISSED as successive and an abuse of the writ.   It is

FURTHER ORDERED that Applicant show cause why the United States District Court for the District of Colorado should not enjoin him from filing any future actions in this

Court that pertain to the sequence he is serving his state and military sentences, the Department of the Army detainer, and any related meritless claims.   It is

FURTHER ORDERED that Applicant shall file a Response to this Order to Show Cause within thirty days of the date of the Order.   It is

FURTHER ORDERED that if Applicant fails to respond within thirty days an order enjoining him from filing future *pro se* pleadings as described above shall be entered by the Court.   It is

FURTHER ORDERED that **at this time the only proper filing is a Response to this Order to Show Cause.   Other pleadings or motions will be ordered stricken.**

DATED at Denver, Colorado, this   24th   day of   March  , 2016.

                                            BY THE COURT:

                                            s/Lewis T. Babcock
                                           LEWIS T. BABCOCK, Senior Judge
                                           United States District Court